SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar Number 8264

VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
virginia.tomova@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| Joel Kane Howard, individually,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:21-cv-00643-APG-EJY<br><br>**Stipulation and Order to Bifurcate Trial** |

Plaintiff Joel Kane Howard and Defendant United States of America, by and through their respective counsel, hereby stipulate to bifurcate the trial in this case, pursuant to Federal Rule of Civil Procedure 42(b), into two phases – liability and damages. The trial is currently set for September 22, 2025, at 9:00 am. ECF No. 71. This stipulation is based upon the following:

1. **Brief Factual Summary of Case and Underlying Incident:** This case involves a negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, arising out of an April 23, 2018, incident between a bicycle operated by plaintiff and a United States Postal Service vehicle. The incident occurred on Westcliff Drive in Las Vegas, to the west of the Bank of America building. The parties are disputing liability for this incident. Because liability is disputed, the parties stipulate in the interest of judicial economy, parties' convenience, and undue prejudice to bifurcate this trial into two phases – a liability phase and a damages phase.

2. **Authority to Bifurcate:** Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Alele v. Geico Gen. Ins. Co.*, 420 F. Supp. 3d 1124, 1130 (D. Nev. 2019). Fed. R. Civ. P. 42(b) permits bifurcation of trial "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts accordingly may order a separate trial of one or more issues, claims, crossclaims, counterclaims, or third-party claims. *Id*. For example, "[i]t is clear that Rule 42(b) gives courts the authority to separate trials into liability and damage phases." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (quoting *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)). The decision to bifurcate is within the court's discretion. *Alele*, at 1130; *see also Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

3. **Justification to Bifurcate:** A finding of liability against plaintiff could resolve the entire case without any need to address damages. *Cook v. United Serv. Auto. Ass'n.*, 169 F.R.D. 359, 361 (D. Nev. 1996) (explaining that bifurcation is particularly appropriate "when resolution of a single claim or issue could be dispositive of the entire case" (citing 9 Wright & Miller, Federal Practice and Procedure: Civil 2d, § 2388, p. 476 (1994))). Bifurcation could therefore save the parties significant funds in calling experts on damages and medical treatment, while creating the potential for resolution through a shorter trial process. As most of the evidence on damages do not appear essential to establishing what happened before and during the incident, it is unlikely that there will be duplicative presentation of evidence if bifurcation occurred. Further, evidence on the extent of plaintiff's claimed injuries is not essential to proving liability with his negligence claim. Finally, bifurcation avoids potentially unnecessary costs while effectively and efficiently resolving factual and legal issues.

4. Terms of Bifurcation:
   a. The trial is currently set for September 22, 2025, at 09:00 am. ECF No. 71.

      b. The parties request that trial be bifurcated into two phases – liability and damages.

      c. The parties anticipate that liability determination will be completed in two days.

Respectfully submitted this 23rd day of June 2025.

SIGAL CHATTAH
United States Attorney

/s/ *Virginia T. Tomova*
VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
*Attorneys for the United States*

DIMOPOULOS INJURY LAW

/s/ *Paul A. Shpirt*
PAUL A. SHPIRT
Nevada Bar No. 10441
6671 South Las Vegas Blvd Suite 275
Las Vegas, Nevada 89119
*Attorney for Plaintiff*

**IT IS SO ORDERED**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** June 24, 2025

3